IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABBYY USA Software House, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Nuance Communications, Inc., <br><br> Defendant. | CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

ABBYY USA Software House, Inc. ("ABBYY") brings this action against Nuance Communications, Inc. ("Nuance") for the statutory penalty arising from Nuance's deceptive marking of products as "patented." ABBYY alleges the following based on personal knowledge, a thorough investigation by counsel, and information and belief:

### The Parties

1. ABBYY is a corporation organized under the laws of the State of California, with its principal place of business at 880 North McCarthy Blvd., Milpitas, California 95035.

2. Nuance is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1 Wayside Road, Burlington, Massachusetts 01803.

## Jurisdiction and Venue

3. This action arises under the patent laws of the United States. Hence, 28 U.S.C. §§ 1331 and 1338 confer jurisdiction over the subject matter of this action.

4. Nuance maintains an office within this judicial district at 1851 South Meyers Road, Suite 670, Oakbrook Terrace, IL 60181. In addition, Nuance sells products within this judicial district. As such, the Court may exercise jurisdiction over Nuance consistent with state and federal law and due process of law.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) because this Court may exercise personal jurisdiction over Nuance. Additionally, venue is proper in this Court pursuant to 28 U.S.C. § 1395(a) because the penalty accrues, in part, here and Nuance can be found here.

## Claim of False Marking

6. Nuance has marked its products as being covered by patents that do not in fact cover such products. For example, Nuance did not mark its product OmniPage with any patent numbers until in or around 2007. With the release of OmniPage version 16.0 in 2007, however, Nuance asserted for the first time that OmniPage is "[c]overed by one or more of the following United States Patents . . ." that had in fact already expired:

- 4,700,400 ("the '400 patent") (expired October 14, 2004)
- 4,754,489 ("the '4,489 patent") (expired June 29, 2005)
- 4,773,099 ("the '099 patent") (expired September 20, 2005)
- 4,918,740 ("the '740 patent") (expired April 18, 2007)

7. Nuance intends to deceive the public through this false marking. Indeed, Nuance manifests this intent by representing to the public that a product is covered by a patent notwithstanding knowledge or knowledge that should have been obtained at the

time of such representation that the patent had already expired.  Nuance consciously desired the result of a public deceived into the belief that the '400 patent, the '4,489 patent, the '099 patent, and the '740 patent granted Nuance a monopoly.  On information and belief, this desire manifests itself, through among other acts, Nuance in 2006, 2007, 2008, 2009, or 2010 dissuading or attempting to dissuade one or more potential ABBYY customers (such as Digitech Systems, Inc., Corel Corporation, Oracle Corporation, and Kofax, Inc.) from doing business with ABBYY based on these patents.

      8.      Nuance released OmniPage version 17.0 in or around 2009.  Nuance asserts that OmniPage version 17.0 is "[c]overed by one or more of the following United States Patents . . ." that in fact expired on July 14, 2009:  to wit, 5,131,053 ("the '053 patent"), 5,381,489 ("the '489 patent"), and 5,436,983 ("the '983 patent").

      9.      Nuance intends to deceive the public through such false marking.  Nuance manifests this intent to deceive through, among other acts, bringing a patent-infringement action against ABBYY based on the '053 patent, the '489 patent, and the '983 patent.  Indeed, Nuance seeks a multi-million dollar judgment against ABBYY based on these three patents and hence knows that the patents expired on July 14, 2009.  Notwithstanding this knowledge, however, Nuance continues to claim the ability to exclude competitors like ABBYY from the markets these expired patents purport to cover.

      10.      Moreover, Nuance consciously desires the result of a public deceived into the belief that the '053 patent, the '489 patent, and the '983 patent grant Nuance a monopoly.  On information and belief, this desire manifests itself, through among other acts, Nuance in 2006, 2007, 2008, 2009, or 2010 dissuading or attempting to dissuade one or more potential ABBYY customers (such as Digitech Systems, Inc., Corel Corporation, Oracle Corporation, and Kofax, Inc.) from doing business with ABBYY based on these

patents.

11. Nuance's false marking has injured ABBYY. For example, would be ABBYY customers have been led to believe through Nuance's deceit that only Nuance lawfully sells products the '400 patent, the '4,489 patent, the '099 patent, the '740 patent, the '053 patent, the '489 patent, and the '983 patent purport to cover.

## Prayer for Relief

WHEREFORE, ABBYY requests that the Court enter judgment in its favor and against Nuance as follows:

A. Ordering that Nuance, its agents, and all persons acting in concert or participation with Nuance, be enjoined from claiming its products are covered by patents that do not in fact cover such products;

B. Awarding to ABBYY and the United States the full penalty arising from each of Nuance's false marking violations; and

C. Granting such other and further relief as the Court deems just and proper.

Dated: June 11, 2010

By: s/ Matthew Wawrzyn
Matthew M. Wawrzyn

WAWRZYN LLC
233 South Wacker Drive, 84th Floor
Chicago, Illinois 60606
(312) 283-8330 (phone)
(312) 283-8331 (fax)
matt@wawrzynlaw.com

Counsel for ABBYY USA SOFTWARE HOUSE, INC.

## JURY DEMAND

ABBYY demands a trial by jury on all issues so triable as a matter of right and law.