**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABBYY USA SOFTWARE HOUSE, INC.,    ) | |
|                              ) | |
|     Plaintiff / Counterclaim Defendant,   ) | Case No. 1:10-cv-3645 |
|                              ) | |
| v.                                   ) | Judge Matthew F. Kennelly |
|                              ) | Magistrate Judge Young B. Kim |
| NUANCE COMMUNICATIONS, INC.,    ) | |
|                              ) | **JURY TRIAL DEMANDED** |
|     Defendant / Counterclaim Plaintiff.   ) | |

**NUANCE'S SECOND AMENDED ANSWER,**
**AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Pursuant to Federal Rules of Civil Procedure 12(a), 13(b), 13(h), 19, and 20, Nuance Communications, Inc. ("Nuance") respectfully responds to the Second Amended Complaint of ABBYY USA Software House, Inc. ("ABBYY USA") with this Second Amended Answer, and sets forth its affirmative defenses and counterclaims below.

**ANSWER**

Except as specifically admitted herein, the allegations in the Second Amended Complaint are denied. Nuance is not liable for false patent marking. ABBYY USA is not entitled to any relief and should take nothing. Nuance addresses ABBYY USA's specific allegations below.

**The Parties**

1.     ABBYY is a corporation organized under the laws of the State of California, with its principal place of business at 880 North McCarthy Boulevard, Milpitas, California 95035.

    **ANSWER:**     Nuance admits the allegations of paragraph 1.

2.     Nuance is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1 Wayside Road, Burlington, Massachusetts 01803.

    **ANSWER:**     Nuance admits the allegations of paragraph 2.

**Jurisdiction and Venue**

3.    This action arises under the patent laws of the United States.  Hence, 28 U.S.C. §§ 1331 and 1338 confer jurisdiction over the subject matter of this action.

**ANSWER:**    Nuance admits that ABBYY USA purports to bring claims arising under the patent laws of the United States, specifically 35 U.S.C. § 292, and admits that this Court has subject matter jurisdiction over actions relating to federal questions and patents pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Nuance denies that it has committed any acts in violation of 35 U.S.C. § 292 and denies the remaining allegations of Paragraph 3.

4.    Nuance maintains an office within this judicial district at 4238 North Lowell Avenue, Chicago, IL 60641.  In addition, Nuance sells products within this judicial district.  As such, the Court may exercise jurisdiction over Nuance consistent with state and federal law and due process of law.

**ANSWER:**    Nuance admits that it maintains an office within this Judicial District at 4238 North Lowell Avenue, Chicago, IL 60641.  Nuance admits that it sells products within this Judicial District.  The remaining allegations are conclusions of law to which no answer is required and therefore Nuance denies the remaining allegations of paragraph 4.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) because this Court may exercise personal jurisdiction over Nuance.  Additionally, venue is proper in this Court pursuant to 28 U.S.C. § 1395(a) because the penalty accrues here and Nuance can be found here.

**ANSWER:**    The allegations are conclusions of law to which no answer is required and therefore Nuance denies the remaining allegations of paragraph 5.

**Claim of False Marking**

***Marking, Affixing to, or Advertising an Unpatented Article***

6.    Nuance marks its products as being covered by patents that do not in fact cover such products.  For example, Nuance did not mark its product OmniPage with any patent numbers until in or around 2007.  With the release of OmniPage Version 16.0 on or about July 31, 2007, however, Nuance for the first time marked OmniPage as "[c]overed by one or more of the following United States Patents . . ." that had in fact already expired:

- 4,700,400 ("the '400 patent") (expired October 14, 2004)

- 4,754,489 ("the '4,489 patent") (expired June 29, 2005)

- 4,773,099 ("the '099 patent") (expired September 20, 2005)

- 4,918,740 ("the '740 patent") (expired April 18, 2007)

**ANSWER:**  Nuance denies the allegations of paragraph 6.

7.  Specifically, starting July 31, 2007 and continuing through the present, Nuance marks OmniPage Version 16.0 by creating a so-called "splash" or "about" screen that warns the OmniPage Version 16.0 user or potential user that the '400 patent, the '4,489 patent, the '099 patent, and the '740 patent cover OmniPage Version 16.0.

**ANSWER:**  Nuance denies the allegations of paragraph 7.

8.  On or about August 7, 2008, Nuance released its voice recognition product Dragon.  On information and belief, starting August 7, 2008 and continuing through the present, Nuance marks Dragon or its packaging or both by creating a so-called "splash" or "about" screen or User Guide that warns the Dragon user or potential user, "This software is protected under the following patents, among others: 5,027,406  . . . ."  This statement is false.  5,027,406 ("the '406 patent") expired on June 26, 2008.

**ANSWER:**  Nuance admits that it released its voice recognition product Dragon version 10.0 on or about August 7, 2008.  Nuance denies the remaining allegations of paragraph 8.

9.  Nuance released OmniPage Professional Version 17.0 on or about May 13, 2009. Starting in 2009 and continuing through the present, Nuance marks OmniPage Professional Version 17.0 as being "[c]overed by one or more of the following United States Patents . . ." that in fact expired on July 14, 2009: to wit, 5,131,053 ("the '053 patent"), 5,381,489 ("the '489 patent"), and 5,436,983 ("the '983 patent").  Specifically, Nuance marks OmniPage Professional Version 17.0 by creating a so-called "splash" or "about" screen that warns the OmniPage Professional Version 17.0 user or potential user that the '053 patent, the '489 patent, and the '983 patent cover OmniPage Professional Version 17.0.

**ANSWER:**  Nuance admits that it released OmniPage Professional Version 17.0 on or about May 13, 2009.  Nuance denies the remaining allegations of paragraph 9.

10.  Nuance falsely affixes to unpatented articles the word "patented" or any word or number importing that the article is patented. For example, starting July 31, 2007 and continuing through the present, Nuance affixes to its OmniPage Version 16.0 software or its packaging or both – through "splash" or "about" screens or the like or through User Guides – a warning that the following expired patents cover the product: the '400 patent, the '4,489 patent, the '099 patent, and the '740 patent.

**ANSWER:**     Nuance denies the allegations of paragraph 10.

11.     Additionally, starting August 7, 2008 and continuing through the present, Nuance affixes to Dragon or its packaging or both – through "splash" or "about" screens or the like or through User Guides – a warning that the expired '406 patent covers Dragon.

**ANSWER:**     Nuance denies the allegations of paragraph 11.

12.     Additionally, starting on or about May 13, 2009 and continuing through the present, Nuance affixes to OmniPage Professional Version 17.0 or its packaging or both – through "splash" or "about" screens or the like or through User Guides – a warning that the following expired patents cover the product: the '053 patent, the '489 patent, and the '983 patent.

**ANSWER:**     Nuance denies the allegations of paragraph 12.

13.     Nuance falsely advertises unpatented articles as patented. For example, starting August 7, 2008 and continuing through the present, Nuance describes Dragon (through printed publications or through the internet) as covered by the expired '406 patent.

**ANSWER:**     Nuance denies the allegations of paragraph 13.

### *For the Purpose of Deceiving the Public*

14.     Nuance falsely marks, affixes labels to, or advertises OmniPage Version 16.0, Dragon, and OmniPage Professional Version 17.0 for the purpose of deceiving the public. Nuance's intent to deceive the public is based on four principal acts by Nuance.

**ANSWER:**     Nuance denies the allegations of paragraph 14.

15.     *First*, Nuance is a sophisticated software company whose patent portfolio is "critical" to Nuance's success, competitive position, and market value. To be sure, the Form 10-K Nuance filed with the U.S. Securities and Exchange Commission as of November 25, 2009, states as follows:

> Our technologies are covered by approximately 1,800 issued patents and 1,600 patent applications. Our intellectual property, whether purchased or developed internally, is critical to our success and competitive position and, ultimately, to our market value. We rely on a portfolio of patents, copyrights, trademarks, services marks, trade secrets, confidentiality provisions and licensing arrangements to establish and protect our intellectual property and proprietary rights.

Nuance's patents are critical to its business.  Thus, Nuance employs numerous attorneys to advise Nuance regarding Nuance's patent portfolio. Nuance therefore knows when its patents expire.

**ANSWER:** Nuance admits that it is a software company. Nuance admits that its intellectual property is critical to its success, competitive position, and market value. Nuance admits that the Form 10-K that Nuance filed with the SEC as of November 25, 2009, contains the indented quoted statement. Nuance denies the remaining allegations of paragraph 15.

16. Nuance knows that the '400 patent, the '4,489 patent, the '099 patent, and the '740 patent have expired and do *not* cover OmniPage Version 16.0. Nuance knows that the '406 patent has expired and does *not* cover Dragon. Nuance knows that the '053 patent, the '489 patent, and the '983 patent have expired and do *not* cover OmniPage Professional Version 17.0. Nuance falsely marks, affixes labels to, and advertises these products notwithstanding Nuance's sophistication and knowledge for the purpose of deceiving the public into believing that Nuance's OCR and voice recognition products are unique and not legally available from an OCR company like ABBYY or an alternative voice recognition company.

**ANSWER:** Nuance admits that, at present, Nuance knows that the '400 patent, the '4,489 patent, the '099 patent, and the '740 patent have expired and no longer cover OmniPage Version 16.0, that the '406 patent has expired and no longer covers Dragon, and that the '053 patent, the '489 patent, and the '983 patent have expired and no longer cover OmniPage Professional Version 17.0. Nuance denies the remaining allegations of paragraph 16. Nuance further states that it has not violated the false marking statute with respect to any of those patents or products.

17. *Second*, Nuance's deceptive intent is based on Nuance using expired patents to dissuade potential ABBYY customers from purchasing ABBYY's OCR product. On information and belief, on more than one occasion over the last five years, and at least once during April or May 2008, a representative of Nuance dissuaded potential ABBYY customers (such as Corel Corporation ("Corel"), Oracle Corporation ("Oracle"), and Kofax, Inc. ("Kofax")) from doing business with ABBYY. Indeed, the Nuance representative stated to the potential ABBYY customer that the expired '400 patent, the expired '4,489 patent, the expired '099 patent, the expired '740 patent, the expired '053 patent, the expired '489 patent, or the expired '983 patent granted Nuance a monopoly and precluded the potential customer from purchasing the ABBYY product. Nuance thus knowingly asserts patent rights not its own to deceive the public into believing that Nuance's OCR products are unique and not legally available from ABBYY.

**ANSWER:** Nuance denies the allegations of paragraph 17.

18.     ***Third***, Nuance's knowledge is supported by the inherently unreasonable manner of the marking, affixing, or advertising. For example, the "about" screen Nuance embedded in OmniPage Version 16.0 states that OmniPage is covered by the '400 patent. This statement made on July 31, 2007 was never true because the '400 patent had expired nearly three years prior on October 14, 2004. Nuance knew or should have known that such an inherently unreasonable marking of OmniPage Version 16.0 was false.

   **ANSWER:**     Nuance denies the allegations of paragraph 18.

19.     Additionally, a Dragon User Guide published in or around August 7, 2008 states that Dragon NaturallySpeaking and Dragon Medical Versions 10.0 are covered by the '406 patent that had already expired as of August 7, 2008. Nuance knew or should have known that such an inherently unreasonable marking, affixing or advertising was false.

   **ANSWER:**     Nuance denies the allegations of paragraph 19.

20.     ***Fourth***, Nuance's purpose to deceive is based on the patent-infringement action Nuance filed against ABBYY. This lawsuit is based on, among others, the expired '053 patent, the expired '489 patent, and the expired '983 patent. From this patent-infringement action against ABBYY, Nuance is presumed to know that the '053 patent, the '489 patent, and the '983 patent have expired. This is because Nuance, as patent-infringement plaintiff, is presumed to know the scope of damages claimed in the complaint (as limited by the patents' expiration dates).

   **ANSWER:**     Nuance admits it has filed a lawsuit against ABBYY USA and other

ABBYY entities based on their infringement of several U.S. patents, including the '053 patent,

the '489 patent, and the '983 patent.  Nuance denies the remaining allegations of paragraph 20.

21.     Notwithstanding this knowledge, however, Nuance continues to mark and affix labels to its OCR products as covered by the expired '053 patent, the expired '489 patent, and the expired '983 patent. Nuance does this for the purpose of deceiving the public into believing that Nuance's OCR products are unique and not legally available from ABBYY.

   **ANSWER:**     Nuance denies the allegations of paragraph 21.

### *Injury to ABBYY*

22.     Nuance's false marking, affixing, or advertising injures ABBYY. For example, would be ABBYY customers (like Corel, Oracle, and Kofax) have been led to believe through Nuance's deceit that only Nuance lawfully sells products the '400 patent, the '4,489 patent, the '099 patent, the '740 patent, the '053 patent, the '489 patent, and the '983 patent purport to cover.

   **ANSWER:**     Nuance denies the allegations of paragraph 22.

## RESPONSE TO ABBYY USA'S PRAYER FOR RELIEF

ABBYY USA is not entitled to the requested relief.  ABBYY USA's claims should be dismissed, and ABBYY USA should take nothing.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c), Nuance states the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

This Court lacks subject matter jurisdiction over this action.

### SECOND AFFIRMATIVE DEFENSE
### (Failure To State a Claim)

ABBYY USA's Second Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

ABBYY USA is not entitled to any relief because of the equitable doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

ABBYY USA's claim is barred under the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 292 is Unconstitutional)

ABBYY USA's Second Amended Complaint fails to state a claim upon which relief can be granted because 35 U.S.C. § 292 is unconstitutional under the Take Care and Appointments Clauses of Article II of the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE
**(Other Defenses)**

Nuance reserves the right to later plead other affirmative defenses based on later discovered evidence.

### COUNTERCLAIMS

Nuance Communications, Inc. ("Nuance") alleges as follows in support of its counterclaims against ABBYY USA.

### NATURE OF THE COUNTERCLAIMS

1.      Nuance brings claims for false advertising and deceptive business practices in violation of the Lanham Act, 15 U.S.C. § 1125(a), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1 *et seq*, and the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 501/2, *et seq*.  Nuance seeks to enjoin ABBYY USA's false, deceptive and misleading commercial advertising and promotion against Nuance and seeks damages for the harm caused by ABBYY USA's false advertising and promotion.

2.      In an advertisement that has been and is currently being disseminated in this District and throughout the United States, ABBYY USA falsely claims that Nuance's OmniPage® software products lack several features as compared to ABBYY USA's FineReader software products.  ABBYY USA's false advertising has deceived and is deceiving the public and injuring Nuance, which markets its OmniPage® software products in direct competition with ABBYY USA's FineReader software products.

### THE PARTIES

3.      Defendant/Counterclaim Plaintiff Nuance is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1 Wayside Road, Burlington, Massachusetts 01803.

4.      Plaintiff/Counterclaim Defendant ABBYY USA Software House, Inc. ("ABBYY USA") is a corporation organized under the laws of the State of California, with its principal place of business at 47221 Fremont Boulevard, Fremont, California 94538.

5.      This counterclaim arises under the unfair competition laws of the United States, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act"), and the statutes and common laws of the State of Illinois regarding unfair business practices and unfair competition.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the supplemental jurisdiction of 28 U.S.C. § 1367(a).

7.      ABBYY USA has availed itself of jurisdiction in this Judicial District by bringing the underlying action against Nuance in this District.

8.      In addition, this Court has personal jurisdiction over ABBYY USA because ABBYY USA has purposely directed its activities towards residents of this District, Nuance's false advertising claims arise out of ABBYY USA's activities, and the exercise of personal jurisdiction over ABBYY USA is reasonable and fair.

9.      Additionally, ABBYY USA maintains a website directed to consumers throughout the United States, including this Judicial District, advertising and promoting its products, including the FineReader product at issue in Nuance's false advertising claims. ABBYY USA's website promotes sales of its products in Illinois by providing the names and contact information for resellers located in Illinois, as well as online stores that carry the FineReader product, including, "Imaging USA," an "ABBYY Certified Partner" located in Rock Island, Illinois, and Risetime, Inc., located in Chicago, Illinois. ABBYY USA also sells its products through retail stores located in Illinois such as Fry's Electronics. Further, ABBYY USA's website boasts that it has numerous clients located in Illinois, including in this Judicial

District, including AthletiCo.  Finally, ABBYY USA's website provides a link for purchasers throughout the United States to the ABBYY Online Store, from which anyone anywhere, including in Illinois, can purchase goods directly from ABBYY USA.

10.     Some of ABBYY USA's unlawful acts occurred in this District, including the dissemination through the Internet to potential purchasers in this District of the advertising material described herein containing false, deceptive and/or misleading statements concerning Nuance's OmniPage® software product and ABBYY USA's FineReader product.  Further, on information and belief, ABBYY USA has induced purchasers in this District to purchase ABBYY USA's products and/or refrain from purchasing Nuance's products through ABBYY USA's false, deceptive and misleading advertising.

11.     Moreover, ABBYY USA knew that Nuance maintains an office in this District and knew that Nuance would suffer injury to its business reputation in this District as a result of ABBYY USA's false, deceptive and misleading advertising concerning Nuance's products.

12.     Venue is proper in this District under 28 U.S.C. § 1391.

## FACTS

13.     Nuance is a multinational computer software technology corporation, headquartered in Burlington, Massachusetts.  Nuance is a leading provider of speech, imaging and customer interaction solutions for businesses and consumers around the world.  Nuance develops and sells optical character recognition ("OCR") software products and speech recognition, voice authentication, text-to-speech and VoiceXML based voice-browsing products and development tools for telephone access.

14.     Among other things, Nuance develops and sells OmniPage®, an OCR (optical character recognition) conversion and scanning application for Microsoft Windows.  Nuance's OmniPage® software converts images such as scanned paper documents and PDF files into

document file formats such as those used by Microsoft Word, Excel and Adobe Acrobat. Nuance's OmniPage® software is available in two versions, one for personal use and a "Professional" version directed to industrial professionals.

15. ABBYY USA also sells document conversion software. In particular, ABBYY USA sells an OCR software application under the name "FineReader."

16. On information and belief, in an attempt to influence customers to buy ABBYY USA's goods and to prevent customers from purchasing Nuance's competitive OmniPage® product, ABBYY USA has disseminated to distributors, resellers, customers and the general public an advertising "sell sheet" (the "False Advertisement") containing claims concerning Nuance's OmniPage® Professional product that are literally false, false by necessary implication, deceptive and/or misleading. A copy of the False Advertisement is attached as Exhibit A.

17. The False Advertisement purports to compare the corporate edition of ABBYY USA's FineReader 9.0 software product to the professional version of Nuance's OmniPage® 16 software product.

18. ABBYY USA's False Advertisement contains claims that are literally false, including that Nuance's OmniPage ® 16 Professional software product:

- Supports only 119 languages (it supports 123 languages);

- Does not recognize vertical text;

- Does not recognize and re-create small capital letters;

- Does not offer MRC support in PDF saving;

- Does not automatically start processing a document as soon as it is scanned/opened;

- Does not detect table captions;

- Does not offer font detection and cauterization;

- Does not save documents by sending results to Microsoft Word, Excel, PowerPoint, Adobe Acrobat, WordPerfect, WordPro and OpenOffice;

- Does not save documents by directly exporting to a web browser;

- Does not offer live results preview in Text Window;

- Does not offer one-click digital camera OCR;

- Does not offer customizable toolbars;

- Does not offer distributed document process over a network;

- Does not offer concurrent license management; and

- Does not offer network license management.

19.     ABBYY USA's False Advertisement also contains claims that are false by necessary implication, deceptive, and/or misleading, including that:

- Nuance's OmniPage ® 16 Professional software product does not offer PDF conversion in encrypted PDF output (40-bit, 128-bit and 128-bit AES) (it does, in a limited capacity);

- Nuance's OmniPage ® 16 Professional software product does not detect headers, footers, page numbering and footnotes (it does, in a limited capacity);

- Nuance's OmniPage ® 16 Professional software product does not detect section and text flow and image (it does, in a limited capacity); and

- ABBYY USA offers free technical support for its ABBYY USA FineReader 9.0 software product (free technical support is only offered for the first 90-days after purchase).

20.     All of ABBYY USA's false and/or misleading claims challenged herein relate to matters that are material and important to the relevant purchasing public's purchasing decision, because they concern the scope of features offered by Nuance's OmniPage® 16 Professional software product, and the features allegedly offered by ABBYY USA's FineReader 9.0 software product, which are inherent and material qualities of the products offered by the parties.

21. On information and belief, ABBYY USA disseminated the False Advertisement comparing Nuance's OmniPage® product to ABBYY USA's FineReader product in order to influence purchasers to buy ABBYY USA's FineReader product. On information and belief, by disseminating the False Advertisement to its distributors, resellers, customers and the general public, ABBYY USA intended to influence the distributors, resellers, customers and the general public to select ABBYY USA's product instead of Nuance's OmniPage® product and/or, in the case of distributors and resellers, to make the False Advertisement further available to their customers either by publishing it further or to use the claims made in the False Advertisement to promote the sale of ABBYY USA's product over Nuance's OmniPage® product to their customers. On information and belief, ABBYY USA placed the False Advertisement into the stream of commerce for the purpose of influencing purchasers to buy ABBYY USA's product instead of Nuance's product.

22. On information and belief, the ABBYY USA False Advertisement has been distributed throughout the United States. The ABBYY USA False Advertisement has appeared publicly at, among other places, a website located at *www.avidoffice.com*, which offered the products and services of Criteria First, an ABBYY USA value-added reseller, to purchasers throughout the United States. On information and belief, ABBYY's reseller, Criteria First, obtained the False Advertisement from ABBYY USA.

23. The False Advertisement was created and distributed by ABBYY USA as early as 2007.

24. Unless enjoined by the Court, ABBYY USA will be free to continue disseminating the claims that are made in the False Advertisement about Nuance's software

products and its own software products that are literally false, false by implication, and/or deceptive and misleading.

25.     This conduct has caused, and will continue to cause, Nuance to suffer damage and irreparable harm for which there is no adequate remedy at law.  Nuance and ABBYY USA are in direct competition with each other, as they are both developers and sellers of OCR software, attracting the same consumers desiring OCR software for personal and professional use. Accordingly, ABBYY USA's conduct has induced, and if not enjoined will continue to induce, actual and potential Nuance customers to purchase software from ABBYY USA based on false claims.  Relief is necessary to stop further irreparable harm to Nuance and to ensure that consumers, when choosing among OCR software, can make their purchasing decisions based upon accurate and truthful information about the scope of the features included in the parties' software products.

## COUNT I
## FALSE ADVERTISING AND UNFAIR COMPETITION UNDER THE LANHAM ACT
## 15 U.S.C. 1125(a)

26.     Nuance realleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

27.     ABBYY USA sells its FineReader software products in interstate commerce and is engaging in advertising in interstate commerce to market and sell those products.

28.     ABBYY USA has distributed in interstate commerce commercial statements in the course of the advertising or promotion of its goods conveying the false message that Nuance's OmniPage® software product lacks several features as compared to ABBYY USA's FineReader software product.

29.     ABBYY USA's commercial statements made in interstate commerce to potential purchasers concerning Nuance's OmniPage® product, and ABBYY USA's FineReader product,

are literally false, deceptive and misleading statements of fact that misrepresent the nature, characteristics and qualities of Nuance's OmniPage® product and ABBYY USA's FineReader product.

30.     ABBYY USA's false, deceptive and misleading commercial statements made in interstate commerce have a tendency to deceive a substantial segment of their intended audience and are material because they adversely affect purchasers' decisions to buy Nuance's competing OmniPage® product.

31.     ABBYY USA's false, deceptive and misleading statements made in interstate commerce concerning Nuance's OmniPage® product and ABBYY USA's FineReader product are willful because ABBYY USA knew at the time it was making those statements that there was no basis for them.  ABBYY USA's deliberate, deceptive conduct has injured and continues to injure Nuance and consumers.

32.     ABBYY USA's conduct constitutes false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).

33.     Nuance has suffered and is continuing to suffer actual economic injury, including the loss of sales, as a direct and proximate result of ABBYY USA's false, deceptive and misleading statements.

34.     ABBYY USA's acts irreparably injure Nuance's business, reputation and goodwill.  Unless ABBYY USA is enjoined from engaging in its wrongful conduct, Nuance will suffer further irreparable injury and harm for which it has no adequate remedy at law.

## COUNT II
## VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT
### 815 ILCS §§ 510/2 *et seq.*

35.     Nuance realleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

36. ABBYY USA's false, deceptive and misleading claims in advertising were and are being disseminated in Illinois.

37. ABBYY USA's false, deceptive and misleading advertising has damaged Nuance's goods, services and business.

38. ABBYY USA made these false, deceptive and misleading statements in advertising during the course of its business.

39. ABBYY USA's conduct is willful, deliberate, intentional and in bad faith.

40. ABBYY USA's conduct constitutes unfair trade practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/2 *et seq.*

41. Nuance has been and will continue to be damaged by ABBYY USA's false, deceptive and misleading advertising.

42. ABBYY USA's acts irreparably injure Nuance's business, reputation and goodwill. Unless ABBYY USA is enjoined from engaging in its wrongful conduct, Nuance will suffer further irreparable injury and harm for which it has no adequate remedy at law.

## COUNT III
## VIOLATION OF ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS §§ 505/1 *et seq.*

43. Nuance realleges and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

44. ABBYY USA has engaged in unfair and deceptive conduct, including the dissemination of false, deceptive and misleading advertising, and continues to do so. Among other things, ABBYY USA's advertising misrepresents material characteristics of Nuance's OmniPage® product. ABBYY USA has disseminated false, deceptive and misleading claims in its advertising in Illinois, and continues to do so.

45.     ABBYY USA's conduct is willful, deliberate, intentional and in bad faith. Moreover, ABBYY USA acts with reckless indifference to the rights of others and/or intentional and wanton disregard of those rights.

46.     ABBYY USA intended for consumers to rely on its false advertisements. Among other things, ABBYY USA intended to induce consumers to purchase ABBYY USA's products and/or refrain from purchasing Nuance's products.

47.     ABBYY USA's conduct implicates consumer protection concerns by, among other things, improperly and unlawfully inhibiting competition in the market for products marketed by ABBYY USA and Nuance.

48.     As set forth above, ABBYY USA's false advertising has caused and causes substantial injury and damage to Nuance.

49.     Nuance's damages and injures have been, and likely are to be, proximately caused by ABBYY USA's false, deceptive and misleading advertising.

50.     ABBYY USA's conduct constitutes unlawful consumer fraud, deceptive business practices, and unlawful false advertising, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Nuance respectfully requests relief and a judgment against ABBYY USA as follows:

a.     An Order adjudging that ABBYY USA violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and 815 ILCS §§ 505/1 *et seq.* and 815 ILCS §§ 510/2 *et seq.* of Illinois law;

b.     An Order preliminarily and permanently enjoining ABBYY USA and each of its owners, affiliates, subsidiaries, associates, directors, officers, agents, servants, and employees

and all others acting under its or their direction or control or acting in concert therewith or having knowledge hereof, from disseminating or causing the dissemination of the advertisement attached hereto as Exhibit A;

c.      An Order granting a nationwide preliminary and permanent injunction against ABBYY USA and each of its owners, affiliates, subsidiaries, associates, directors, officers, agents, servants, and employees and all others acting under its or their direction or control or acting in concert therewith or having knowledge hereof, from engaging in false, deceptive and/or misleading advertising regarding Nuance's OmniPage® products and ABBYY USA's FineReader products, in violation of the Lanham Act or the laws of the State of Illinois;

d.      An Order directing ABBYY USA to withdraw or recall from all channels of distribution any advertising or promotional material, or any other matter distributed by it or on its behalf bearing any descriptions or representations that Nuance has challenged as false, deceptive or misleading in these Counterclaims;

e.      An Order directing that ABBYY USA take affirmative steps to dispel the false and misleading impressions that have been created by ABBYY USA's false, deceptive and misleading advertising, including undertaking of nationwide corrective advertising in a form and substance that is reasonably acceptable to the Court and Nuance that Nuance's OmniPage® products have been falsely advertised as lacking various features in comparison to ABBYY USA's FineReader products, and offering refunds to persons who have purchased ABBYY USA's FineReader products based on that false belief;

f.      Directing ABBYY USA to file with the Court and serve on counsel for Nuance, within thirty (30) days after entry of any preliminary or permanent injunction issued by the Court

in this action, a report, in writing and under oath, setting forth in detail the manner and form in which ABBYY USA has complied with the injunction, pursuant to 15 U.S.C. § 1116;

      g.      An Order directing an accounting by ABBYY USA of its profits, gains, savings, and advantages derived from its false, deceptive and misleading advertising, awarding Nuance damages as allowed by law, and trebling Nuance's recovery pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, and 815 ILCS § 505/10a;

      h.      An Order granting Nuance its fees, costs and disbursements in this action, including its reasonable attorneys' fees; and

      i.      An Order granting Nuance such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Nuance hereby demands a trial by jury on all issues triable by jury in this action, including ABBYY USA's claims and Nuance's counterclaims.


Dated:  March 9, 2011                                      Respectfully submitted,

                                                                          NUANCE COMMUNICATIONS, INC.


                                                                          By:    /s/ Margaret M. Duncan
                                                                                    One of Its Attorneys

Margaret M. Duncan
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606
312.372.2000

Michael S. Nadel
Rita Weeks
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C.  20005
202.756.8000

*Attorneys for Defendant and*
*Counterclaim Plaintiff*
*Nuance Communications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2011, a copy of the foregoing NUANCE'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS was served via ECF notice on the following:

> Matthew M. Wawrzyn
> Ronald M. Wawrzyn
> Wawrzyn LLC
> 233 South Wacker Drive, 84th Floor
> Chicago, IL 60606

A copy of the foregoing was served by certified mail and e-mail on the following:

> Hon. Eric Holder
> Attorney General of the United States
> United States Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Washington, DC 20530-0001
> *AskDOJ@usdoj.gov*

/s/ Margaret M. Duncan
Margaret M. Duncan

DM_US 27813810-1.087153.0011