# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3645 | **DATE** | 5/2/2011 |
| **CASE TITLE** | ABBYY USA Software House, Inc. vs. Nuance Communications, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies plaintiff's motion to dismiss defendant's amended counterclaim [docket no. 82]. The case remains set for a status hearing on 5/4/11 at 9:30 a.m.

■[ For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

Plaintiff ABBYY USA Software House, Inc. has moved to dismiss the counterclaim of defendant Nuance Communications, Inc., in which Nuance alleges that ABBYY engaged in false or deceptive advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and two parallel state statutes.

Nuance's Lanham Act claim requires it to prove that ABBYY made a false statement of fact about its or another's product in a commercial advertisement; the statement deceived or had the tendency to deceive a substantial segment of its audience; the deception was material, in that it was likely to influence the purchasing decision; ABBYY caused the false statement to enter interstate commerce; and Nuance was or is likely to be injured as a result. *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999). The parties agree that Nuance's state law claims require an identical legal analysis. *See* Pl.'s Mem. in Support of Mot. to Dismiss at 6; Def.'s Mem. in Opp. to Mot. to Dismiss at 8.

The parties dispute whether the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to Nuance's claims. Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Proc. 9(b). If Rule 9(b) applies, "[i]n order to survive dismissal on a Rule 12(b)(6) motion, the complaint must plead the 'who, what, when, and where' of the alleged fraud." *Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 782 (7th Cir. 1999) (citation and internal quotation marks omitted); *see also United States v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009).

Assuming that Rule 9(b) applies, Nuance's claims satisfy the Rule's requirements. Nuance alleges that ABBYY created and distributed throughout the United States, as early as 2007, a false advertisement comparing its product with Nuance's product. Contrary to ABBYY's argument, Nuance alleges more than mere third party dissemination of the advertisement. Specifically, it alleges that "ABBYY USA has

| STATEMENT |
|---|

disseminated to distributors, resellers, customers and the general public an advertising "sell sheet" (the 'False Advertisement,')" Am. Countercl. ¶ 16; "ABBYY USA placed the False Advertisement into the stream of commerce for the purpose of influencing purchasers to buy ABBYY USA's product," *id.* ¶ 21; "ABBYY's reseller, Criteria First, obtained the False Advertisement from ABBYY USA," *id.* ¶ 22; "[t]he False Advertisement was created and distributed by ABBYY USA as early as 2007," *id.* ¶ 23; and "ABBYY USA has distributed in interstate commerce commercial statements in the course of the advertising or promotion of its goods conveying the false message," *id.* ¶ 28.

*Sanderson v. Culligan Int'l Co.*, 415 F.3d 620 (7th Cir. 2005), which ABBYY cites, does not compel a different result. In that case, the Seventh Circuit held that allegations that a defendant's franchisees and distributors had uttered three person-to-person statements at trade shows did not state a claim under Section 43(a) of the Lanham Act. *Id.* at 624. The court reasoned that the oral statements did not amount to "commercial advertising and promotion" and that the defendant was not vicariously liable for the statements of others. *Id.* In this case, in contrast, Nuance alleges that ABBYY itself distributed a commercial advertisement or promotion.