**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ABBYY USA SOFTWARE HOUSE, INC.,

Plaintiff / Counterclaim Defendant,

v.

NUANCE COMMUNICATIONS, INC.,

Defendant / Counterclaim Plaintiff.

Case No. 1:10-cv-3645

Judge Matthew F. Kennelly
Magistrate Judge Young B. Kim

**JURY TRIAL DEMANDED**

**NUANCE'S ANSWER TO THIRD AMENDED COMPLAINT**

Defendant Nuance Communications, Inc. ("Nuance"), by its attorneys McDermott Will & Emery LLP, hereby answers the Third Amended Complaint of ABBYY USA Software House, Inc. ("ABBYY"). Unless specifically admitted herein, ABBYY's allegations are denied. ABBYY is not entitled to any relief and should take nothing. Judgment should be entered against ABBYY. Nuance responds to each numbered paragraph in the Third Amended Complaint as follows:

**The Parties**

1. ABBYY is a corporation organized under the laws of the State of California, with its principal place of business at 880 North McCarthy Boulevard, Milpitas, California 95035.

**ANSWER:** Nuance admits the allegations in Paragraph 1.

2. Nuance is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1 Wayside Road, Burlington, Massachusetts 01803.

**ANSWER:** Nuance admits the allegations in Paragraph 2.

3. Nuance and ABBYY are direct competitors in the optical character recognition ("OCR") software market.

**ANSWER:** Nuance admits the allegations in Paragraph 3.

## Jurisdiction and Venue

4. This action arises under the patent and false advertising laws of the United States. Hence, 28 U.S.C. §§ 1331 and 1338 confer jurisdiction over the subject matter of this action. Moreover, 28 U.S.C. § 1367(a) confers jurisdiction over the parallel state law claims.

**ANSWER:** The allegations in Paragraph 4 state conclusions of law to which no answer is required and therefore Nuance denies them.

5. Nuance maintains an office within this judicial district at 4238 North Lowell Avenue, Chicago, IL 60641. In addition, Nuance sells products within this judicial district. Finally, Nuance's false advertisement has appeared on Nuance's website, which can be viewed from this judicial district. As such, the Court may exercise jurisdiction over Nuance consistent with state and federal law and due process of law.

**ANSWER:** Nuance admits that it maintains an office within this judicial district at 4238 North Lowell Avenue, Chicago, IL 60641. Nuance admits that it sells products within this judicial district. Nuance denies that any false advertisement has appeared on its website. The remaining allegations state conclusions of law to which no answer is required and therefore Nuance denies them.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) because this Court may exercise personal jurisdiction over Nuance. Additionally, venue is proper in this Court pursuant to 28 U.S.C. § 1395(a) because the penalty accrues here and Nuance can be found here.

**ANSWER:** The allegations in Paragraph 6 state conclusions of law to which no answer is required and therefore Nuance denies them.

***Marking& Affixing to, or Advertising an Unpatented Article***

7. Nuance marks its products as being covered by patents that do not in fact cover such products. For example, Nuance did not mark its product OmniPage with any patent numbers until in or around 2007. With the release of OmniPage Version 16.0 on or about July 31, 2007, however, Nuance for the first time marked OmniPage as "[c]overed by one or more of the following United States Patents . . ." that had in fact already expired:

- 4,700,400 ("the '400 patent") (expired October 14, 2004)
- 4,754,489 ("the'4,489 patent") (expired June 29, 2005)
- 4,773,099 ("the '099 patent") (expired September 20, 2005)

- 4,918,740 (“the ’740 patent”) (expired April 18, 2007)

**ANSWER:** Nuance denies the allegations in Paragraph 7.

8. Specifically, starting July 31, 2007 and continuing through the present, Nuance marks OmniPage Version 16.0 by creating a so-called “splash” or “about” screen that warns the OmniPage Version 16.0 user or potential user that the ’400 patent, the ’4,489 patent, the ’099 patent, and the ’740 patent cover OmniPage Version 16.0.

**ANSWER:** Nuance denies the allegations in Paragraph 8.

9. On or about August 7, 2008, Nuance released its voice recognition product Dragon. On information and belief, starting August 7, 2008 and continuing through the present, Nuance marks Dragon or its packaging or both by creating a so-called “splash” or “about” screen or User Guide that warns the Dragon user or potential user, “This software is protected under the following patents, among others: 5,027,406 . . . .” This statement is false. 5,027,406 (“the ’406 patent”) expired on June 26, 2008.

**ANSWER:** Nuance admits that it released its voice recognition product Dragon version 10.0 on or about August 7, 2008. Nuance denies the remaining allegations in Paragraph 9.

10. Nuance released OmniPage Professional Version 17.0 on or about May 13, 2009. Starting in 2009 and continuing through the present, Nuance marks OmniPage Professional Version 17.0 as being “[c]overed by one or more of the following United States Patents . . .” that in fact expired on July 14, 2009: to wit, 5,131,053 (“the ’053 patent”), 5,381,489 (“the ’489 patent”), and 5,436,983 (“the ’983 patent”). Specifically, Nuance marks OmniPage Professional Version 17.0 by creating a so-called “splash” or “about” screen that warns the OmniPage Professional Version 17.0 user or potential user that the ’053 patent, the ’489 patent, and the ’983 patent cover OmniPage Professional Version 17.0.

**ANSWER:** Nuance admits that it released OmniPage Professional Version 17.0 on or about May 13, 2009. Nuance denies the remaining allegations in Paragraph 10.

11. Nuance falsely affixes to unpatented articles the word “patented” or any word or number importing that the article is patented. For example, starting July 31, 2007 and continuing through the present, Nuance affixes to its OmniPage Version 16.0 software or its packaging or both – through “splash” or “about” screens or the like or through User Guides – a warning that the following expired patents cover the product: the’400 patent, the’4,489 patent, the’099 patent, and the’740 patent.

**ANSWER:** Nuance denies the allegations in Paragraph 11.

12. Additionally, starting August 7, 2008 and continuing through the present, Nuance affixes to Dragon or its packaging or both - through “splash” or “about” screens or the like or through User Guides - a warning that the expired ’406 patent covers Dragon.

**ANSWER:** Nuance denies the allegations in Paragraph 12.

13. Additionally, starting on or about May 13, 2009 and continuing through the present, Nuance affixes to OmniPage Professional Version 17.0 or its packaging or both – through “splash” or “about” screens or the like or through User Guides – a warning that the following expired patents cover the product: the ’053 patent, the ’489 patent, and the’983 patent.

**ANSWER:** Nuance denies the allegations in Paragraph 13.

14. Nuance falsely advertises unpatented articles as patented. For example, starting August 7, 2008 and continuing through the present, Nuance describes Dragon (through printed publications or through the internet) as covered by the expired ’406 patent.

**ANSWER:** Nuance denies the allegations in Paragraph 14.

***For the Purpose of Deceiving the Public***

15. Nuance falsely marks, affixes labels to, or advertises OmniPage Version 16.0, Dragon, and OmniPage Professional Version 17.0 for the purpose of deceiving the public. Nuance’s intent to deceive the public is based on four principal acts by Nuance. ***First***, Nuance is a sophisticated software company whose patent portfolio is “critical” to Nuance’s success, competitive position, and market value. To be sure, the Form 10-K Nuance filed with the U.S. Securities and Exchange Commission as of November 25, 2009, states as follows:

> Our technologies are covered by approximately 1,800 issued patents and 1,600 patent applications. Our intellectual property, whether purchased or developed internally, is critical to our success and competitive position and, ultimately, to our market value. We rely on a portfolio of patents, copyrights, trademarks, services marks, trade secrets, confidentiality provisions and licensing arrangements to establish and protect our intellectual property and proprietary rights.

Nuance’s patents are critical to its business. Thus, Nuance employs numerous attorneys to advise Nuance regarding Nuance’s patent portfolio. Nuance therefore knows when its patents expire.

**ANSWER:** Nuance admits that it is a software company. Nuance admits that its intellectual property is critical to its success, competitive position, and market value. Nuance

admits that the Form 10-K that Nuance filed with the SEC as of November 25, 2009, contains the indented quoted statement. Nuance denies the remaining allegations of paragraph 15.

16. Nuance knows that the ’400 patent, the ’4,489 patent, the ’099 patent, and the ’740 patent have expired and do *not* cover OmniPage Version 16.0. Nuance knows that the ’406 patent has expired and does *not* cover Dragon. Nuance knows that the’053 patent, the ’489 patent, and the ’983 patent have expired and do *not* cover OmniPage Professional Version 17.0. Nuance falsely marks, affixes labels to, and advertises these products notwithstanding Nuance’s sophistication and knowledge for the purpose of deceiving the public into believing that Nuance’s OCR and voice recognition products are unique and not legally available from an OCR company like ABBYY or an alternative voice recognition company.

**ANSWER:** Nuance admits that, at present, Nuance knows that the ’400 patent, the ’4,489 patent, the ’099 patent, and the ’740 patent have expired and no longer cover OmniPage Version 16.0, that the ’406 patent has expired and no longer covers Dragon, and that the ’053 patent, the ’489 patent, and the ’983 patent have expired and no longer cover OmniPage Professional Version 17.0. Nuance denies the remaining allegations of paragraph 16. Nuance further states that it has not violated the false marking statute with respect to any of those patents or products.

17. ***Second***, Nuance’s deceptive intent is based on Nuance using expired patents to dissuade potential ABBYY customers from purchasing ABBYY’s OCR product. On information and belief, on more than one occasion over the last five years, and at least once during April or May 2008, a representative of Nuance dissuaded potential ABBYY customers (such as Corel Corporation (“Corel”), Oracle Corporation (“Oracle”), and Kofax, Inc. (“Kofax”)) from doing business with ABBYY. Indeed, the Nuance representative stated to the potential ABBYY customer that the expired ’400 patent, the expired ’4,489 patent, the expired ’099 patent, the expired ’740 patent, the expired ’053 patent, the expired ’489 patent, or the expired ’983 patent granted Nuance a monopoly and precluded the potential customer from purchasing the ABBYY product. Nuance thus knowingly asserts patent rights not its own to deceive the public into believing that Nuance’s OCR products are unique and not legally available from ABBYY.

**ANSWER:** Nuance denies the allegations in Paragraph 17.

18. ***Third***, Nuance’s knowledge is supported by the inherently unreasonable manner of the marking, affixing, or advertising. For example, the “about” screen Nuance embedded in OmniPage Version 16.0 states that OmniPage Version 16.0 is covered by the ’400 patent. This statement made on July 31, 2007 was never true because the ’400 patent had expired nearly three

years prior on October 14, 2004. Nuance knew or should have known that such an inherently unreasonable marking of OmniPage Version 16.0 was false.

**ANSWER:** Nuance denies the allegations in Paragraph 18.

19. Additionally, a Dragon User Guide published in or around August 7, 2008 states that Dragon NaturallySpeaking and Dragon Medical Versions 10.0 are covered by the '406 patent that had already expired as of August 7, 2008. Nuance knew or should have known that such an inherently unreasonable marking, affixing or advertising was false.

**ANSWER:** Nuance denies the allegations in Paragraph 19.

20. ***Fourth***, Nuance's purpose to deceive is based on the patent-infringement action Nuance filed against ABBYY. This lawsuit is based on, among others, the expired '053 patent, the expired '489 patent, and the expired '983 patent. From this patent-infringement action against ABBYY, Nuance is presumed to know that the '053 patent, the '489 patent, and the '983 patent have expired. This is because Nuance, as patent-infringement plaintiff, is presumed to know the scope of damages claimed in the complaint (as limited by the patents' expiration dates).

**ANSWER:** Nuance admits it has filed a lawsuit against ABBYY USA and other ABBYY entities based on their infringement of several U.S. patents, including the'053 patent, the'489 patent, and the'983 patent. Nuance denies the remaining allegations of paragraph 20.

21. Notwithstanding this knowledge, however, Nuance continues to mark and affix labels to its OCR products as covered by the expired '053 patent, the expired '489 patent, and the expired '983 patent. Nuance does this for the purpose of deceiving the public into believing that Nuance's OCR products are unique and not legally available from ABBYY.

**ANSWER:** Nuance denies the allegations of Paragraph 21.

***Injury to ABBYY***

22. Nuance's false marking, affixing, or advertising injures ABBYY. For example, would be ABBYY customers (like Corel, Oracle, and Kofax) have been led to believe through Nuance's deceit that only Nuance lawfully sells products the '400 patent, the '4,489 patent, the '099 patent, the '740 patent, the '053 patent, the '489 patent, and the '983 patent purport to cover.

**ANSWER:** Nuance denies the allegations of Paragraph 22.

***Nuance's False, Deceptive Advertising***

23. ABBYY sells an OCR software application under the name "FineReader." Nuance sells an OCR software application under the name "OmniPage."

**ANSWER:** Nuance admits the allegations in Paragraph 23.

24. From on or about July 1, 2007 through the present, Nuance has disseminated to the general public over its website (www.nuance.com) a so-called "Comparison Matrix" that falsely claims ABBYY FineReader software lacks certain features. The following claims made in the Comparison Matrix, for example, are literally false, false by necessary implication, deceptive, or misleading:

- That FineReader lacks Legal and Medical Dictionaries;
- That FineReader lacks improved table conversion;
- That FineReader lacks CSV output formatting;
- That FineReader lacks passwords with 128-bit encryption;
- That FineReader lacks parallel processing;
- That FineReader is not Section 508 compliant;
- That FineReader supports only 119 languages.

The Comparison Matrix is attached hereto as Exhibit 1.

**ANSWER:** Nuance denies the allegations in Paragraph 24.

25. These false and misleading claims relate to matters that are material and important to the decision to purchase. This is because these claims relate to the scope of the FineReader and OmniPage products.

**ANSWER:** Nuance denies the allegations in Paragraph 25.

26. Nuance disseminated the Comparison Matrix to the general public over its website in order to influence purchasers to buy the OmniPage product instead of the FineReader product.

**ANSWER:** Nuance denies the allegations in Paragraph 26.

27. On information and belief, Nuance also disseminates the Comparison Matrix to its distributors, resellers, and customers for the same reason Nuance distributes the Comparison Matrix to the general public – *i.e.*, to influence purchasers to buy the OmniPage product instead of the FineReader product.

**ANSWER:** Nuance denies the allegations in Paragraph 27.

28. Unless enjoined by the Court, Nuance will be free to continue disseminating the claims that are made in the Comparison Matrix about FineReader software products and its own software products that are literally false, false by implication, or deceptive and misleading.

**ANSWER:** Nuance denies the allegations in Paragraph 28.

29. This conduct has caused, and will continue to cause, ABBYY to suffer damage and irreparable harm for which there is no adequate remedy at law. Nuance and ABBYY are in direct competition with each other, as they are both developers and sellers of OCR software, attracting the same consumers desiring OCR software for personal and professional use. Accordingly, Nuance's conduct has induced, and if not enjoined will continue to induce, actual and potential customers to purchase software from Nuance based on false claims. Relief is necessary to stop further irreparable harm to ABBYY and to ensure that consumers, when choosing among OCR software, can make their purchasing decisions based upon accurate and truthful information about the scope of the features included in the parties' software products.

**ANSWER:** Nuance denies the allegations in Paragraph 29.

## Count 1: False Marking

30. ABBYY realleges and incorporates each allegation contained in the paragraphs above.

**ANSWER:** Nuance incorporates its responses in the paragraphs above.

31. Nuance marks its products as being covered by patents that do not in fact cover such products. Nuance so marks for the purpose of deceiving the public.

**ANSWER:** Nuance denies the allegations in Paragraph 31.

32. Nuance falsely affixes to unpatented articles the word "patented" or any word or number importing that the article is patented. Nuance so affixes for the purpose of deceiving the public.

**ANSWER:** Nuance denies the allegations in Paragraph 32.

33. Nuance falsely advertises unpatented articles as patented. Nuance so advertises for the purpose of deceiving the public.

**ANSWER:** Nuance denies the allegations in Paragraph 33.

34. Nuance and ABBYY are competitors.

**ANSWER:** Nuance admits the allegations in Paragraph 34.

## Count 2: False Advertising and Unfair Competition Under the Lanham Act

35. ABBYY realleges and incorporates each allegation contained in the paragraphs above.

**ANSWER:** Nuance incorporates its responses in the paragraphs above.

36. Nuance sells its OmniPage software products in interstate commerce and is engaging in advertising in interstate commerce to market and sell those products.

**ANSWER:** Nuance admits the allegations in Paragraph 36.

37. Nuance has distributed in interstate commerce commercial statements in the course of the advertising or promotion of its goods conveying the false message that FineReader software product lacks several features as compared to Nuance's OmniPage software product.

**ANSWER:** Nuance denies the allegations in Paragraph 37.

38. Nuance's commercial statements made in interstate commerce to potential purchasers concerning the FineReader and OmniPage products are literally false, deceptive and misleading statements of fact that misrepresent the nature, characteristics and qualities of ABBYY's FineReader product and Nuance's OmniPage product.

**ANSWER:** Nuance denies the allegations in Paragraph 38.

39. Nuance's false, deceptive and misleading commercial statements made in interstate commerce have a tendency to deceive a substantial segment of their intended audience and are material because they adversely affect purchasers' decisions to buy ABBYY's competing FineReader product.

**ANSWER:** Nuance denies the allegations in Paragraph 39.

40. Nuance's false, deceptive and misleading statements made in interstate commerce concerning Nuance's OmniPage product and ABBYY's FineReader product are willful because Nuance knew at the time it was making those statements that there was no basis for them. Nuance's deliberate, deceptive conduct has injured and continues to injure ABBYY and consumers.

**ANSWER:** Nuance denies the allegations in Paragraph 40.

41. Nuance's conduct constitutes false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:** Nuance denies the allegations in Paragraph 41.

42. ABBYY has suffered and is continuing to suffer actual economic injury, including the loss of sales, as a direct and proximate result of Nuance's false, deceptive and misleading statements.

**ANSWER:** Nuance denies the allegations in Paragraph 42.

43. Nuance's acts irreparably injure ABBYY's business, reputation and goodwill. Unless Nuance is enjoined from engaging in its wrongful conduct, ABBYY will suffer further irreparable injury and harm for which it has no adequate remedy at law.

**ANSWER:** Nuance denies the allegations in Paragraph 43.

**Count 3: Violations of the Illinois Deceptive Trade Practices Act**

44. ABBYY realleges and incorporates each allegation contained in the paragraphs above.

**ANSWER:** Nuance incorporates its responses in the paragraphs above.

45. Nuance's false, deceptive and misleading claims in advertising were and are being disseminated in Illinois.

**ANSWER:** Nuance denies the allegations in Paragraph 45.

46. Nuance's false, deceptive and misleading advertising has damaged ABBYY's goods, services and business.

**ANSWER:** Nuance denies the allegations in Paragraph 46.

47. Nuance made these false, deceptive and misleading statements in advertising during the course of its business.

**ANSWER:** Nuance denies the allegations in Paragraph 47.

48. Nuance's conduct is willful, deliberate, intentional and in bad faith.

**ANSWER:** Nuance denies the allegations in Paragraph 48.

49. Nuance's conduct constitutes unfair trade practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS § 510/2 *et seq.*

**ANSWER:** Nuance denies the allegations in Paragraph 49.

50. ABBYY has been and will continue to be damaged by Nuance's false, deceptive and misleading advertising.

**ANSWER:** Nuance denies the allegations in Paragraph 50.

51. Nuance's acts irreparably injure ABBYY's business, reputation and goodwill. Unless Nuance is enjoined from engaging in its wrongful conduct, ABBYY will suffer further irreparable injury and harm for which it has no adequate remedy at law.

**ANSWER:** Nuance denies the allegations in Paragraph 51.

**Count 4: Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act**

44. ABBYY realleges and incorporates each allegation contained in the paragraphs above.

**ANSWER:** Nuance incorporates its responses in the paragraphs above.

45. Nuance has engaged in unfair and deceptive conduct, including the dissemination of false, deceptive and misleading advertising, and continues to do so. Among other things, Nuance's advertising misrepresents material characteristics of ABBYY's FineReader product. Nuance has disseminated false, deceptive and misleading claims in its advertising in Illinois, and continues to do so.

**ANSWER:** Nuance denies the allegations in Paragraph 45.

46. Nuance's conduct is willful, deliberate, intentional and in bad faith. Moreover, Nuance acts with reckless indifference to the rights of others and/or intentional and wanton disregard of those rights.

**ANSWER:** Nuance denies the allegations in Paragraph 46.

47. Nuance intended for consumers to rely on its false advertisements. Among other things, Nuance intended to induce consumers to purchase Nuance's products and/or refrain from purchasing ABBYY's products.

**ANSWER:** Nuance denies the allegations in Paragraph 47.

48. Nuance's conduct implicates consumer protection concerns by, among other things, improperly and unlawfully inhibiting competition in the market for products marketed by ABBYY and Nuance.

**ANSWER:** Nuance denies the allegations in Paragraph 48.

49. Nuance's false advertising has caused and causes substantial injury and damage to ABBYY.

**ANSWER:** Nuance denies the allegations in Paragraph 49.

50. ABBYY's damages and injuries have been, and likely are to be, proximately caused by Nuance's false, deceptive and misleading advertising.

**ANSWER:** Nuance denies the allegations in Paragraph 50.

51. Nuance's conduct constitutes unlawful consumer fraud, deceptive business practices, and unlawful false advertising, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1 *et seq.*

**ANSWER:** Nuance denies the allegations in Paragraph 51.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c), Nuance states the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

This Court lacks subject matter jurisdiction over this action.

### SECOND AFFIRMATIVE DEFENSE
### (Failure To State a Claim)

ABBYY USA's Second Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

ABBYY USA is not entitled to any relief because of the equitable doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

ABBYY USA's claim is barred under the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

ABBYY's claims are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE
### (Other Defenses)

Nuance reserves the right to later plead other affirmative defenses based on later discovered evidence.

## COUNTERCLAIMS

Nuance repeats and realleges its counterclaims of March 9, 2011 (Doc. No. 74), which are incorporated by reference herein. ABBYY has answered the counterclaims.

**JURY DEMAND**

Nuance requests a trial by jury on all issues so triable, including ABBYY's claims and Nuance's counterclaims.

Dated: July 7, 2011

Respectfully submitted,

NUANCE COMMUNICATIONS, INC.

By: /s/ Margaret M. Duncan
One of Its Attorneys

Margaret M. Duncan
Mark Altschul
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Il 60606
312.372.2000

Michael S. Nadel
Rita Weeks
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
202.756.8000

*Attorneys for Defendant and Counterclaim Plaintiff Nuance Communications, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2011, a copy of the foregoing NUANCE'S ANSWER TO THIRD AMENDED COMPLAINT was served via ECF notice on the following:

Matthew M. Wawrzyn
Ronald M. Wawrzyn
Wawrzyn LLC
233 South Wacker Drive, 84th Floor
Chicago, IL 60606

/s/ Margaret M. Duncan
Margaret M. Duncan

DM_US 29130109-1.087153.0011